UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SUMEETA D. PARKER ) | |
| ) | |
| Plaintiff/Counter Defendant, ) | |
| ) | No. 1:08-CV-57 |
| v. ) | |
| ) | Chief Judge Curtis L. Collier |
| GARY L. SADLER; SADLER & SADLER, ) | |
| ATTORNEYS AT LAW; RAVENWOOD ) | |
| RECEIVABLES CORPORATION ) | |
| ) | |
| Defendants/Counter Plaintiffs. ) | |
| ) | |
| v. ) | |
| ) | |
| ALAN LEE, ) | |
| ) | |
| Counter Defendant. ) | |

**MEMORANDUM**

Plaintiff Sumeeta D. Parker ("Parker") filed a complaint against Gary L. Sadler, Sadler & Sadler, and the Ravenwood Receivables Corporation (collectively, "Debt Collection Defendants") alleging violations of fair debt collection, consumer protection, and related statutes (Court File No. 1). The Debt Collection Defendants filed an answer denying liability (Court File No. 6), and filed counterclaims against Parker (Court File No. 7) and her attorney, Alan Lee ("Lee") (Court File No. 8). Before the Court are Parker's and Lee's motions to dismiss the counterclaims for lack of subject matter jurisdiction and failure to state a claim (Court File Nos. 16 & 18). The Debt Collection Defendants filed an untimely response, as well as multiple motions, which will be **DENIED** (Court File Nos. 23, 24, 26). For the following reasons, the Court will **GRANT** the motions to dismiss the counterclaims (Court File Nos. 16 & 18).

## I. BACKGROUND

According to Parker's complaint, she incurred a debt that was subsequently transferred to defendant Ravenwood, a corporation which purchases debts to collect. Ravenwood enlisted defendant Sadler, an owner or employee of defendant Sadler & Sadler, to collect the debt from Parker. Parker alleges that in the course of attempting to collect the debt, the Debt Collection Defendants violated the (1) Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692, et seq., (2) Fair Credit Reporting Act, 15 U.S.C. §§ 1681, et seq., (3) Tennessee Consumer Protection Act, Tenn. Code Ann. §§ 47-18-101, et seq., and (4) Tennessee Collection Services Act, Tenn. Code Ann. §§ 62-20-101, et seq. She also alleges invasion of privacy.

The Debt Collection Defendants filed counterclaims against Parker and her attorney, Lee. They claim Parker committed malicious prosecution and abuse of process by filing allegedly frivolous complaints with various regulatory agencies, which caused harm to the Debt Collection Defendants. They also allege Parker conspired with Lee to extort money from them, and they allege Parker's and Lee's actions constitute outrageous conduct.[1]

## II. DISCUSSION

Parker and Lee move to dismiss the counterclaims for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1). A federal court must dismiss any claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3). The Debt Collection Defendants asserted no jurisdictional basis for their counterclaims despite the requirement of Fed. R. Civ. P. 8(a)(1) that

---

[1]The counterclaim against Lee is incorrectly labeled as a third party complaint. *See* Fed. R. Civ. P. 14(a)(1). As Lee correctly notes, he is more appropriately classified as a counter defendant. *See* Fed. R. Civ. P. 13(h); *BMI v. Hearst/ABC Viacom*, 746 F. Supp. 320, 330 (S.D.N.Y. 1991).

pleadings contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support."[2] Furthermore, when subject matter jurisdiction is challenged, the claimant has the burden of proving jurisdiction. *Moir v. Greater Cleveland Regional Transit Authority*, 895 F.2d 266, 269 (6th Cir. 1990). Yet the Debt Collection Defendants did not even respond to the motions to dismiss.

An independent ground for subject matter jurisdiction is not required if a counterclaim is compulsory. *Vaughan v. Recall Total Info. Mgmt.*, 217 F. App'x 211, 223 (4th Cir. 2007); *Leipzig v. AIG Life Ins. Co.*, 362 F.3d 406, 410 (7th Cir. 2004); *St. Jude Med., Inc. v. Lifecare Int'l, Inc.*, 250 F.3d 587, 594 (8th Cir. 2001); *Maddox v. Kentucky Finance Co.*, 736 F.2d 380, 382 (6th Cir. 1984); *General Cable Corp. v. Highlander*, 447 F. Supp. 2d 879, 892 (S.D. Ohio 2006). A compulsory counterclaim is one that "arises out of the transaction or occurrence that is the subject matter of the opposing party's claim." Fed. R. Civ. P. 13(a). This determination is made using the "logical relationship" test. *Taylor Novelty, Inc. v. Taylor*, 816 F.2d 682 (6th Cir. 1987); *Maddox*, 736 F.2d at 382.

When a plaintiff files a lawsuit and a defendant files a counterclaim alleging the plaintiff's behavior regarding the filing of the lawsuit was improper, courts have repeatedly held the counterclaim is not compulsory. *E.g.*, *East-Bibb Twiggs Neighborhood Assn. v. Macon Bibb Planning & Zoning Commn.*, 888 F.2d 1576, 1578 (11th Cir. 1989) (counterclaim alleging abusive litigation was not compulsory); *Harris v. Steinem*, 571 F.2d 119, 123-24 (2d Cir. 1978)

---

[2]Presumably, the Debt Collection Defendants did not assert the basis for jurisdiction because there is none. No federal question is raised because the counterclaims arise under state law. 28 U.S.C. § 1331. Nor does it appear from the complaint that the parties are of diverse citizenship. 28 U.S.C. § 1332.

(counterclaim alleging libel based on filing of lawsuit and publicity surrounding lawsuit was not compulsory); *Kuhn v. Account Control Technology*, 865 F. Supp. 1443, 1446 (D. Nev. 1994) (counterclaim alleging lawsuit was brought for improper purposes was not compulsory); *Reitz v. Dieter*, 840 F. Supp. 353, 355-56 (E.D. Pa. 1993) (counterclaim for malicious use of civil proceedings is not compulsory); *Comidas Exquisitos, Inc. v. Carlos McGee's Mexican Cafe, Inc.*, 602 F. Supp. 191, 200 (S.D. Iowa 1985) (counterclaim arising out of prosecution of lawsuit is not compulsory); *Chrysler Corp. v. Fedders Corp.*, 540 F. Supp. 706, 713 n.2 (S.D.N.Y. 1982) (counterclaims involving plaintiff's motivation in brining lawsuits is not compulsory). *But see Pochiro v. Prudential Ins. Co.*, 827 F.2d 1246, 1253 (9th Cir. 1987) (counterclaim for abuse of process is compulsory because the merits of the original claim are significant in assessing the counterclaim).

Unlike the cases in the previous paragraph, in this case the counterclaims do not arise out of the filing of the present lawsuit. Instead they arise out of the filing of administrative and regulatory complaints prior to the initiation of this lawsuit. Nevertheless, this case is like the above cases because the plaintiff's action in instituting legal proceedings against the defendants is the basis for the defendants' counterclaims.

Although there is no precedent directly on point from the United States Court of Appeals for the Sixth Circuit, the Sixth Circuit's ruling on compulsory counterclaims in *Maddox* is instructive. 736 F.2d at 381. In *Maddox*, the plaintiffs filed a lawsuit based on a federal question, which concerned the adequacy of disclosures under the Truth in Lending Act. *Id.* The defendant filed a counterclaim based on state law, which sought repayment of the debt whose issuance had given rise to the Truth in Lending Act claim. *Id.* Using the "logical relationship" test, the Sixth Circuit limited

4

the scope of Rule 13(a) and concluded the debt counterclaim was not compulsory. *Id.* at 383.

> While the claim and counterclaim do arise out of the same transaction within the literal terms of Rule 13(a), we do not believe that they are logically related in such a way as to make the counterclaim compulsory. The claim and counterclaim will present entirely different legal, factual, and evidentiary questions. It is not clear that the interests of judicial economy and efficiency would be served in the least by requiring that the two claims be heard together.

*Id.*

Likewise, Parker's claims and the Debt Collection Defendants' counterclaims lack the necessary logical relationship. Parker claims the Debt Collection Defendants violated multiple statutes while attempting to collect a debt from her. The factual and legal questions necessary to resolve Parker's claims will focus on the conduct of the Debt Collection Defendants in collecting Parker's debt. In contrast, the counterclaims allege Parker and Lee are conspiring to extort money from the Debt Collection Defendants and Parker is filing false complaints against them. Resolution of the counterclaims will turn on Parker's and Lee's motives and conduct, as well as the facts surrounding her filing complaints. Although there is some overlap as to the underlying truth or falsity of the parties' allegations, a loss for Parker would not automatically cause a win for the Debt Collection Defendants. The claims involve separate factual and legal questions.

Furthermore, the same principles articulated in *Maddox* apply here. If the counterclaims are compulsory, then a defendant who fails to bring such a claim would be barred from later bringing the claim in state court. *See Maddox*, 736 F.2d at 383. Such a holding would thus encourage those counterclaims to be brought in federal court, which "could frustrate the purposes of [the federal statutes] by giving plaintiffs a disincentive to sue." *See id.* In addition, there would be great difficulty trying Parker's claims while her attorney is defending himself against the counterclaims.

Because the Court concludes it lacks subject matter jurisdiction over the counterclaims, it

is not addressing whether the counterclaims should be dismissed for failure to state a claim. *See Moir*, 895 F.2d at 269 (A "Rule 12(b)(6) challenge becomes moot if this court lacks subject matter jurisdiction.").

## III. DEBT COLLECTION DEFENDANTS' MOTIONS AND BRIEFS

The Debt Collection Defendants filed a response to the motions to dismiss 19 days after the deadline and after this Memorandum was already written. In addition, the Debt Collection Defendants filed multiple motions.

First, they filed a motion to dismiss Parker's state law claims on the grounds Parker opposes the Court hearing the Debt Collection Defendants' state law claims. This motion will be **DENIED** (Court File No. 23) because Parker's state law claims satisfy the logical relationship test described earlier.

Second, the Debt Collection Defendants filed motions to amend their counterclaim and third party complaint (which, as previously noted, is not a third party complaint). Because the Court does not have subject matter jurisdiction over the counterclaims, the motions to amend will be **DENIED** (Court File Nos. 24, 26).

Third, the Debt Collection Defendants filed a response to Parker's and Lee's motions to dismiss. They contend, without citing any authority, that the Court has jurisdiction over the counterclaims if it has jurisdiction over the original claims. For the reasons discussed earlier, that is not correct.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes it lacks subject matter jurisdiction over the Debt Collection Defendants' counterclaims. Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(h)(3), the Court will **GRANT** the motions to dismiss the counterclaims (Court File Nos. 16 & 18). Furthermore, the Court will **DENY** the Debt Collection Defendants' motions (Court File Nos. 23, 24, 26).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**