UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| SUMEETA D. PARKER )<br>)<br>Plaintiff/Counter Defendant, )<br>)<br>v. )<br>)<br>GARY L. SADLER; SADLER & SADLER, )<br>ATTORNEYS AT LAW; RAVENWOOD )<br>RECEIVABLES CORPORATION )<br>)<br>Defendants/Counter Plaintiffs. )<br>)<br>v. )<br>)<br>ALAN LEE, )<br>)<br>Counter Defendant. ) | No. 1:08-CV-57<br><br>Chief Judge Curtis L. Collier |

## **MEMORANDUM**

Before the Court is the motion for reconsideration (Court File No. 38) filed by Defendants Gary L. Sadler, Sadler & Sadler, and Ravenwoord Receivables Corporation ("Defendants"). Defendants filed a memorandum in support of their motion. Plaintiff Sumeeta Parker and Counter Defendant Alan Lee ("Lee") oppose the motion (Court File Nos. 41 & 44) . For the following reasons, the Court will **DENY** Defendants' motion for reconsideration (Court File No. 38).

**I.    BACKGROUND**

As described more fully in the Court's previous decision (Court File Nos. 35 & 36), Plaintiff alleges Defendants violated federal and state statutes including those related to debt collection and credit reporting. Defendants filed counterclaims against Plaintiff and her attorney, Lee, alleging state law violations related to supposedly-frivolous claims filed in regulatory proceedings by

Plaintiff with the assistance of Lee.

Plaintiff and Lee filed motions to dismiss the counterclaims for lack of subject matter jurisdiction and failure to state a claim. The Court granted the motions, concluding it lacked subject matter jurisdiction over the counterclaims (Court File Nos. 35 & 36).[1] Defendants now seek reconsideration of that decision.

## II. STANDARD OF REVIEW

Although Defendants do not specify the basis of their motion for reconsideration, the Court is authorized by common law and Fed. R. Civ. P. 54(b) to reconsider any interlocutory order before entry of final judgment. *Rodriguez v. Tenn. Laborers Health & Welfare Fund*, 89 F. App'x 949, 959 (6th Cir. 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." *Id.* Presumably, it is the third justification upon which Defendants base their motion.

## III. DISCUSSION

---

[1] As the Court noted in its original decision, Defendants filed their response to the motions to dismiss the counterclaims over two weeks after the response deadline. The Court noted that it had already written its decision on the motion, but briefly addressed Defendants' response and accompanying motions to amend, concluding they had no merit in light of the Court's conclusion that it lacked subject matter jurisdiction over the counterclaims. In their motion to reconsider, Defendants explain they agreed with Plaintiff to extend the deadline for responding to the motions to dismiss. But they never informed the Court nor sought approval. Changes to the briefing scheduled require either a court order or court approval. E.D.TN. LR 7.1(a). The common sense reason for this requirement is demonstrated by what happened here. Failure to seek approval or even notify the Court may cause the Court to assume there will be no response.

2

Defendants argue the Court should exercise supplemental jurisdiction over its counterclaims. In its original decision, the Court concluded it lacked subject matter jurisdiction over the counterclaims because there was no basis for federal subject matter jurisdiction and the counterclaims were not compulsory. *See Maddox v. Kentucky Finance Co.*, 736 F.2d 380, 382 (6th Cir. 1984) (holding federal courts have jurisdiction over counterclaims lacking an independent basis for federal jurisdiction only if they are compulsory counterclaims under Fed. R. Civ. P. 13(a)). Defendants have never addressed or challenged whether the counterclaims are compulsory, but instead contend the Court should exercise supplement jurisdiction over their counterclaims. Notably, Defendants' briefs do not address any of the cases or law cited by the opposing parties or the Court. Nevertheless, upon further reflection, the Court deems it necessary to address the question of supplemental jurisdiction.

Since the passage of the supplemental jurisdiction statute, 28 U.S.C. § 1367, two federal courts of appeals have concluded that § 1367 governs whether a court can hear a counterclaim, displacing the rule that counterclaims must be compulsory for courts to have jurisdiction. *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 213 (2d Cir. 2004); *Channell v. Citicorp Nat'l Servs.*, 89 F.3d 379, 385 (7th Cir. 1996). The United States Court of Appeals for the Sixth Circuit has not had occasion to decide this issue, and district courts in the circuit have taken different approaches in analyzing counterclaims that lack an independent basis of subject matter jurisdiction. *Compare Harwood v. Avaya Corp.*, 2006 U.S. Dist. LEXIS 63497, *9 (S.D. Ohio Sept. 5, 2006) (acknowledging § 1367 but following existing Sixth Circuit precedent regarding compulsory counterclaims), *with Dodson v. Action Nissan, Inc.*, 2006 WL 2503621, *2, 2006 U.S. Dist. LEXIS 64220, *5 (M.D. Tenn. Aug. 25, 2006) (relying on § 1367), *with L.W. v. Knox County Bd. of Educ.*,

3

2006 WL 2583153, *2, 2006 U.S. Dist. LEXIS 64138, *5 (E.D. Tenn. Sept. 6, 2006) (commingling the compulsory counterclaim and § 1367 analysis) *and Lauro v. Tomkats, Inc.*, 9 F. Supp. 2d 863, 877 (M.D. Tenn. 1998) (same).

The Second and Seventh Circuits have suggested there is a broader standard for hearing counterclaims under § 1367 than under the compulsory counterclaim rule. *Jones*, 358 F.3d at 213 (citing *Channell*, 89 F.3d at 385-86). Because of the broader standard, it is possible this Court would have supplemental jurisdiction over the counterclaims in this case.[2] However, the possibility that this Court could exercise supplemental jurisdiction over Defendants' permissive counterclaims does not change the Court's ruling here. If this Court were to have supplemental jurisdiction over the counterclaims, it would decline to exercise it under the circumstances of this case. District courts may decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

The fourth consideration is important here for two reasons, both of which the Court noted in its original decision. First, encouraging these counterclaims to be brought in federal court would

---

[2] Defendants, however, cite no cases to support their position that the Court has supplemental jurisdiction given the factual circumstances of the counterclaims. Furthermore, Defendants do not even attempt to address the Court's conclusions that different factual circumstances underlie Plaintiff's claims and Defendants' counterclaims. Instead, Defendants repeat their unsupported argument that the Court has jurisdiction either over all state claims or no state claims, ignoring the contrary conclusions in the Court's previously-issued decision.

4

given plaintiffs a disincentive to sue, thus frustrating the purposes of the federal statute under which Plaintiff seeks relief. *See Maddox*, 736 F.2d at 383. Second, because the counterclaims are against both Plaintiff and her attorney, Plaintiff would have great difficulty prosecuting her claims while her attorney defends himself against the counterclaims. These are compelling reasons for declining to exercise supplemental jurisdiction if it exists over the counterclaims.

Finally, it is worth mentioning that if the Court had jurisdiction over Defendants' counterclaims, it would then be required to address the motions to dismiss the counterclaims for failure to state a claim.

### III. CONCLUSION

For the foregoing reasons, the Court will **DENY** Defendants' motion for reconsideration (Court File No. 38).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**CHIEF UNITED STATES DISTRICT JUDGE**